UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON - AT SEATTLE

ALLAN KINCANNON, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

MICROSOFT CORPORATION, a Washington corporation,

Defendant.

NO.

**DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL**

Superior Court for King County, Washington

Case No. 25-2-27807-7 SEA

Defendant Microsoft Corporation ("Microsoft" or "Defendant"), by and through its undersigned counsel, hereby petitions for, and gives notice of removal of, the above-referenced action from the Superior Court of Washington for King County to the United States District Court for Western District of Washington at Seattle. This removal is based on diversity under 28 U.S.C. § 1332(d) (the Class Action Fairness Act ("CAFA")) and 28 U.S.C § 1441(a) and (b). It is timely under 28 U.S.C. § 1446. This Notice is supported by the accompanying Declarations of Matthew J. Macario ("Macario Decl.") and Erin Flaucher in Support of Removal ("Flaucher Decl.").



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

## I. BACKGROUND

On September 23, 2025, Plaintiff Allan Kincanon ("Plaintiff"), purportedly on behalf of himself and all others similarly situated, filed a complaint entitled, "Class Action Complaint for Unpaid Wages" in the Superior Court of Washington State for King County, *Kincannon v. Microsoft Corporation,* Case No. 25-2-27807-7 ("Complaint"). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint, process, pleadings, and orders served upon Defendant are included. Macario Decl., Exhs. A-E. The allegations of the Complaint are incorporated by reference in this Notice and Petition for Removal without admission or agreement to the truth of any of them.

The Complaint seeks: (1) compensation, at each affected employee's regular rate of pay, for each day that a meal period was not provided; (2) compensation, at each affected employee's regular rate of pay, for any missed rest periods; (3) compensation for any unpaid overtime; (4) compensation for amounts allegedly due and owing under the Washington Minimum Wage Act; (5) compensation for the alleged failure to accrue and allow the use of paid sick leave; (6) compensation for alleged unlawful deductions and rebates; and (7) compensation for the alleged failure to pay all wages due at termination. *See* Complaint, First-Seventh Causes of Action. The Complaint also seeks double damages for the alleged willful withholding of wages, and recovery of pre- and post-judgment interest, attorneys' fees, and costs. *Id.*, Eighth Cause of Action, Prayer at ¶¶ E-G.

Defendant does not make or intend to make any admission of fact, law, liability, or damages in this Notice of Removal. Defendant reserves all defenses, affirmative defenses, objections, and motions. Defendant also does not waive, and expressly reserves, all rights to challenge the propriety of certification under the applicable rules. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal to Federal Court, to which this Notice of Removal shall be attached, with the Clerk of the Superior Court of Washington for King County, from which this case was removed, and serve these documents



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

on Plaintiff. A true and correct copy of the state court Notice of Removal to Federal Court is attached as Exhibit A to Macario Decl.

## II. REMOVAL IS TIMELY

This Notice of Removal is timely filed, pursuant to 28 U.S.C. section 1446(b), because it is filed and served within thirty days of service of the Complaint. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."). Plaintiff served his Complaint on Defendant on September 30, 2025. Flaucher Decl. ¶ 5.

## III. VENUE IS PROPER

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States and division embracing the place where such action is pending." *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C. § 1441(a) and is properly set in the district where the action is pending). This Court (the Western District of Washington at Seattle) embraces the King County Superior Court, which is where Plaintiff's Complaint was originally filed. Accordingly, this Court is the appropriate federal district court to which to remove this action.

## IV. SUBJECT MATTER JURISDICTION EXISTS

CAFA, 28 U.S.C. section 1332(d), gives this Court original jurisdiction over this Action. "CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015); 28 U.S.C. § 1332(d)(2) and (6). As the Ninth Circuit has noted, CAFA "significantly



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

expanded federal jurisdiction in diversity class actions." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 398 (9th Cir. 2010).

The Supreme Court has advised "that no antiremoval presumption attends cases invoking CAFA," in part because the statute was enacted "to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Thus, "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (reversing remand of putative class action based on CAFA where the trial court improperly "put[] a thumb on the scale against removal and questioning its statement that removal "must be rejected if there was any doubt as to removal); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively."). As set forth below, this case meets each of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

**A. <u>Putative Class Members Exceed 100 Individuals</u>.**

CAFA requires at least 100 class members. 28 U.S.C. § 1332(d)(5)(B). In the Complaint, Plaintiff defines the class as:

> All hourly-paid or non-exempt employees of Defendant in the State of Washington at any time during the period from three years preceding the filing of this Complaint to final disposition of this action.

*See* Complaint, ¶ 4.1. By Plaintiff's own estimation, there are "more than 40 people [who] have worked as hourly-paid or non-exempt employees for Defendant in the State of Washington during the relevant time period." Complaint, ¶ 4.2. The actual number of putative class members is considerably higher. Defendant has preliminarily calculated that the putative class includes over 2,000 individuals who worked in hourly and/or non-exempt roles in the three years before Plaintiff filed this action. Flaucher Decl., ¶ 7.



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

**B. <u>Minimal Diversity Exists.</u>**

CAFA requires only minimal diversity—that is, that any member of a class of plaintiffs is a citizen of a State different from any defendant. *See* 28 U.S.C. §§ 1332(d)(2)(A) and 1453. That standard is satisfied here because at least one member of Plaintiff's putative class is a citizen of a different state than Defendants.

Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (determining that a corporation's principal place of business, or "nerve center," will typically be where its headquarters is located). Here, Microsoft is incorporated in the State of Washington and headquartered in Redmond, Washington. High level officers of Microsoft regularly work, direct, control, and coordinate activities from Redmond, Washington. Flaucher Decl., ⁋ 4.

For diversity purposes, a person is a "citizen" of the state in which they are domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Domicile requires both physical presence and intent to remain, and courts routinely treat residence as *prima facie* evidence of domicile and thus citizenship. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Lee v. BMW of N. Am., LLC*, No. SACV1901722JVSADSX, 2019 WL 6838911, at *2 (C.D. Cal. Dec. 16, 2019) (finding that plaintiff's residence was sufficient *prima facie* evidence of citizenship absent evidence to the contrary).[1]

A preliminary review of Microsoft's human resources records indicates that multiple non-exempt employees who fall within the putative class and worked for Washington locations during the alleged class period do not live in the state of Washington. Flaucher Decl. ¶ 7. Indeed, during the alleged putative class period (three years prior to filing of the Complaint), over 400 such individuals reported to Washington locations but provided home

[1] Although not necessary here, "allegations of citizenship may be based solely on information and belief." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

addresses outside of the State of Washington. *Id.* These individuals lived in States such as Arizona, California, Florida, Georgia, Texas, and others. Of those 400 individuals, one or more are current, active, non-exempt and/or hourly Microsoft employees who reside outside of the State of Washington but are assigned to Washington office locations. *Id*.

Accordingly, because at least one putative class member is a citizen of a different state than Defendant, CAFA's requirement for minimal diversity is satisfied. *See* 28 U.S.C. § 1332(d)(2)(A) (diversity is satisfied under CAFA if "any member of a class of plaintiffs is a citizen of a State different from any defendant").

**C. <u>The CAFA Amount in Controversy Requirement is Met.</u>**

To confer subject-matter jurisdiction on this Court under CAFA, the amount in controversy must exceed the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the individuals comprising a putative class are aggregated to determine if the amount in controversy exceeds the $5,000,000 jurisdictional threshold. *Id.* § 1332(d)(6). Economic damages, non-economic damages, general damages, and attorneys' fees are all included in determining the amount in controversy. *See, e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

A defendant seeking removal under CAFA must prove by a preponderance of the evidence, rather than to a legal certainty, that the amount in controversy exceeds $5,000,000, even when the plaintiff alleges damages below that threshold. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013). A plaintiff's attempts to evade federal jurisdiction through pleading tactics and waivers that artificially limit the amount in controversy will be invalidated. *See, e.g., Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588,



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

590-95 (2013); *Back Drs. Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011).

Although Microsoft denies Plaintiff's allegations and denies that the putative class is entitled to any relief from Microsoft, for purposes of determining the amount in controversy, the Court must assume the allegations in the Complaint are true. Further, a defendant's notice of removal need only include a "plausible allegation that the amount in controversy exceeds [this] jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Defendants in CAFA cases are permitted to make reasonable assumptions, follow "a reasonable chain of logic," and make reasonable calculations to plead that the amount in controversy exceeds the CAFA threshold. *See LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015) ("[D]efendants relied on a reasonable chain of logic and presented sufficient evidence to establish that the amount in controversy exceeds $5 million."). CAFA's amount-in-controversy requirement is satisfied under these pleading standards.

Here, the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs. The Complaint seeks: (1) compensation, at each affected employee's regular rate of pay, for each day that a meal period was not provided; (2) compensation, at each affected employee's regular rate of pay, for any missed rest periods; (3) compensation for any unpaid overtime; (4) compensation for amounts allegedly due and owing under the Washington Minimum Wage Act; (5) compensation for the alleged failure to accrue and allow the use of paid sick leave; (6) compensation for alleged unlawful deductions and rebates; and (7) compensation for the alleged failure to pay all wages due at termination. *See* Complaint, First-Seventh Causes of Action. The Complaint also seeks double damages for the alleged



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

willful withholding of wages, and recovery of pre- and post-judgment interest, attorneys' fees, and costs. *Id.*, Eighth Cause of Action, Prayer at ¶¶ E-G.

1. Unpaid meal period premiums: *Potentially as high as $46,768,800.* Plaintiff alleges that Defendant failed to provide all of the legally required off-duty meal breaks and failed to provide meal period premiums. Plaintiff does not allege the frequency with which meal periods were not provided or were unlawful, or the frequency with which meal period premiums were not paid. However, assuming (as the Court must, for purposes of removal) that each putative class member was forced to work through their meal breaks throughout the class period, Plaintiff has put at issue approximately 1,560,000 missed meal breaks (2000 putative class members multiplied by 780 workdays in an average three-year period). In Washington, potentially available remedies for meal period violations include: (1) payment of time worked during the meal period; (2) 30 minutes of pay as a penalty; and (3) double damages on unpaid amounts as a willfulness enhancement. *Androckitis v. Virginia Mason Med. Ctr.*, 32 Wn. App. 2d 418, 451 (2024), *review denied*, 4 Wn. 3d 1007 (2025). Accordingly, each putative class member who missed or was unpaid for a meal break would be entitled to 2 hours of compensation. Taking the lowest minimum wage within the class period for 2022 ($14.49), each missed meal break would entitle a putative class member to $28.98 and $23,384.40 total over the class period. With at least 2000 putative class members, that total could be as high as $46,768,800. Again, Defendant disputes the validity of Plaintiff's claims, but solely for purposes of removal, these allegations must be treated as true.

2. Unpaid rest period premiums: *Potentially as high as $7,459,452.* Plaintiff also seeks compensation for rest periods not taken or for which the putative class members did not receive proper compensation. Plaintiff does not allege the frequency with which rest periods were not provided or the frequency with which rest period premiums were not paid. However, taking the lowest minimum wage for the class period as defined by Plaintiff ($14.49 per hour), and assuming that each putative class member never received their daily entitlement of two



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

ten-minute rest periods in each regular shift, Plaintiff's complaint has put at issue an additional $7,459,452 (780 workweeks per individual X 2000 class members x ($14.49 x .33 reflecting twenty minutes of break time) = $7,459,452).

3. Attorneys' Fees: Plaintiff's Complaint seeks to recover attorneys' fees, which are recoverable under relevant law if he prevails. If attorneys' fees are recoverable by the plaintiff, the fee claim is included in determining the amount in controversy. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract."); *Galt*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

In the Ninth Circuit, the attorneys' fee benchmark is twenty-five percent of a settlement or judgement in a class action. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent."); *Arreola v. Shamrock Foods Co.*, No. 19-cv-04123, 2021 WL 4220630, at *6 (C.D. Cal. Sept. 16, 2021) (acknowledging the 25% Ninth Circuit benchmark and granting plaintiff's request for attorneys' fees equaling 28.8% of the gross value fund in a class action).

As demonstrated above, Plaintiff's allegations in the Complaint assert claims for damages far in excess of the $5,000,000 required for CAFA removal, even without taking into account an award of reasonable attorneys' fees.[2]

## V. NOTICE OF REMOVAL TO PLAINTIFF AND STATE COURT

In accordance with 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be served promptly on Plaintiff's

[2] Utilizing the 25 percent 'benchmark' for an attorney fee award would put at issue an additional $13,557,063 in attorneys' fees ($54,228,252* 25%), for a total of $67,785,315 at issue (again, making all assumptions in Plaintiff's favor, as the Court must do at this stage).



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

counsel and filed with the Clerk of the King County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be followed and satisfied. A copy of the Notice to State Court of Removal to Federal Court is attached as Exhibit A to Macario Decl.

## VI. CONCLUSION

Subject matter jurisdiction exists under 28 U.S.C. § 1332(d) because there is minimal diversity of citizenship because Defendant is a Washington citizen and at least one putative class member is domiciled outside Washington. The putative class exceeds 100 members, and as pled, the aggregate amount in controversy exceeds the jurisdictional minimum. In addition, no CAFA exceptions apply. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and all other legal authority cited in this Notice, and Defendant has properly removed this action to this Court. Defendant reserves, and does not waive, any objections it may have to jurisdiction, venue, and all other defenses or objections.

DATED this 30th day of October, 2025.

FISHER & PHILLIPS LLP

By *s/ Matthew J. Macario*
Matthew J. Macario, WSBA #26522

By *s/ Jeremy F. Wood*
Jeremy F. Wood, WSBA #51803

Fisher & Phillips LLP
1700 7th Avenue, Suite 2200
Seattle, WA 98101
Phone: 206-682-2308
Facsimile: 206-682-7908
Email: mmacario@fisherphillips.com
Email: jwood@fisherphillips.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies under the laws of the state of Washington that on the date written below, I caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Douglas Han, WSBA #59429
Shunt Tatavos-Gharajeh, WSBA #59424
Winthrop Hubbard, WSBA #56458
JUSTICE LAW CORPORATION
751 North Fair Oaks Avenue, Suite 101
Pasadena CA 91103
Telephone: (818) 230-7502
Facsimile: (818) 230-7259
Email: dhan@usticelawcorp.com
stavos@justicelawcorp.com
whubbard@justicelawcorp.com
*Attorney for Plaintiff*

Executed on October 30, 2025, in accordance with 28 USC § 1746., at Seattle, Washington.

[signature]

Jazmine Matautia, Legal Secretary



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908